J. H. WEBB et al., Appellants, v. C. E. ELLIOTT et al., Respondents.

Kansas City Court of Appeals, May 16, 1898.

Costs: JUDGMENT NUNC PRO TUNC: EVIDENCE: PRESUMPTION. The court has the power to correct a judgment *nunc pro tunc* when the clerk has not entered the judgment rendered by the court. But the presumption is the judgment entered is the judgment of the court and the mere fact the judgment may be wrong in law will not overcome such presumption in the absence of proper evidence showing the contrary.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

AFFIRMED.

M. R. LIVELY and F. L. FARLOW for appellants.

(1) Plaintiffs were the prevailing parties in the original action, obtained affirmative relief, and were entitled to recover all their costs as a matter of right and law. R. S. 1889, sec. 2920; Hawkins v. Nowland,

53 Mo. 328; Crawford v. Spencer, 36 Mo. App. 78. (2) The court below had jurisdiction; it is an inherent power of every court of record to correct any judgment by order *nunc pro tunc.*    Tanner v. Christy, 50 Mo. 145. The court had a right at a subsequent term to correct the judgment by order *nunc pro tunc.*    Allen v. Sales, 56 Mo. 28; Priest v. McMaster, 52 Mo. 60; Coop v. Northcutt, 54 Mo. 128; R. R. v. Mockbee, 63 Mo. 348; Robertson v. Neal, 60 Mo. 579; Ross v. Ross, 83 Mo. 100; State ex rel. v. R. R., 78 Mo. 575. (3) The minutes made by the trial judge on his docket at the time he rendered his judgment, that is "Injunction sustained and made perpetual" which is a part of the evidence on this motion, is proof conclusive what judgment was rendered by the trial court, that plaintiffs were the prevailing parties, and it is as strong evidence that the clerk entered up a different judgment than that rendered by the court by taxing the costs to the plaintiffs, and it was therefore the right and duty of the court below, when his attention was called to the matter by motion, as was done in this case, to correct this error, made by the clerk as to taxing the costs. Dulle v. Deimler, 28 Mo. 583; Clark v. Hill, 33 Mo. App. 116; Wilson v. Stark, 47 Mo. App. 116; Man v. Warner, 22 Mo. App. 577; Wilson v. Stark, 47 Mo. App. 116; R. S. 1889, sec. 2920; Dupont v. McLaren, 61 Mo. 502.

JOHN W. MCANTIRE and HOWARD GRAY for respondents.

(1) The second point of the respondents is, that it being an equitable proceeding and an action brought against individuals to restrain them from doing official acts, it was entirely in the discretion of the court to tax the cost as it saw fit.    And if the court abused its discretion in awarding costs, such abuse must be manifest

in order to authorize the appellate court to interfere. Walton v. Walton, 19 Mo. 668; Dupont v. McClairen, 61 Mo. 511; Turner v. Johnson, 95 Mo. 431; Redman v. Thomas, 39 Mo. App. 145.   (2) Our next position is that the law is well settled in Missouri that after a term a judge can not amend an entry of a judgment on the ground it did not express his intentions, except where there was some record showing the contrary, and there has been no record in this case showing anything which would change a judgment.   Saxton v. Smith, 50 Mo. 490; Turner, Ex'r, v. Christy, 50 Mo. 145; James v. Hart, 60 Mo. 351; Pockham v. Meatt, 49 Mo. 348; Dunn v. Railey, 58 Mo. 134; Cleffer v. Coombs, 58 Mo. 430; Belkin v. Rhoades, 76 Mo. 643.

ELLISON, J.—Plaintiffs filed a bill with the probate court of Jasper county seeking to enjoin the county court of that county from opening a public highway through the lands of plaintiffs.   A temporary restraining order was made and the cause returned to the circuit court, where upon a hearing the injunction was made perpetual.   In the judgment entered the costs are taxed against plaintiffs.   After the lapse of the term plaintiffs filed the present motion for a judgment *nunc pro tunc*, entering the costs against defendant.   The trial court overruled the motion and plaintiffs appeal.

In our opinion the trial court could have come to no other conclusion on the motion for judgment *nunc pro tunc*.   The only competent evidence offered to show the original judgment actually rendered by the court, was the court's docket stating "Injunction sustained & made perpetual," and the judgment entered by the clerk in the record proper, which after making the injunction perpetual proceeds to adjudge as follows:

COSTS: judgment nunc pro tunc: evidence: presumption.

"It is further ordered by the court, the costs of this suit be taxed against the plaintiffs and that execution issue therefor." The reasons apparently moving plaintiffs to file this motion for a *nunc pro tunc* entry and for prosecuting this appeal are that since the trial court in the original proceeding found the issues for plaintiffs and made the injunction perpetual, therefore that court must not only have intended to render a judgment for costs against defendants, but that it actually did so and that the clerk by mistake entered a different judgment. There is not a particle of evidence to show that the court rendered any other judgment for costs than that entered by the clerk. It may be the court ought to have rendered judgment for the costs against defendants, but that is not the question. We must presume the court rendered the judgment entered by the clerk until the contrary is made to appear by proper evidence. Bohm Bros. v. Burns, Interpleader (decided this term).

The law authorizes a court to enter a *nunc pro tunc* judgment where the clerk "enters up the wrong judgment." But the words "wrong judgment," do not have reference to a judgment not authorized by the law, they apply only to the action of the clerk in entering a judgment the court did not render. The judgment of the court may be wrong, but it is nevertheless the *right* judgment for the clerk to enter. If the court actually renders a wrong judgment and the clerk enters a right judgment (both judged by a proper application of the law to the matter involved) yet, in the sense of the statute, the clerk has entered "up the wrong judgment," for the clerk is merely the hand of the court and must enter up the judgment rendered by the court, however erroneous it may be. From the foregoing and what we have said in the case of Bohm Bros., *supra*, it is clear the trial court's action must be affirmed. All concur.